UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDWARD NELSON and<br>PATRICIA NELSON,<br>    Plaintiffs, | :<br>:<br>:<br>: | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:09-cv-1690 (VLB) |
| CITY OF STAMFORD, et al.<br>    Defendants. | :<br>: | February 23, 2012 |

### MEMORANDUM OF DECISION DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [Dkt. #187]

Plaintiffs, Edward and Patricia Nelson, filed this lawsuit against the Defendant City of Stamford and several police officers of the Stamford Police Department, including the Chief of the Stamford Police, alleging that they were subjected to excessive force along with twenty other causes of action. On January 25, 2012 this Court granted in part and denied in part the Defendants' motions for summary judgment against Plaintiffs [Dkt. #141, #144]. Currently pending before the Court is Mr. Nelson's Motion for Reconsideration [Dkt. #187].

Mr. Nelson's Motion for Reconsideration contends that it was clear error for the Court to grant Defendants' motion for summary judgment as to his claim of malicious prosecution where one of the charges for which he was arrested was withdrawn by the prosecution. At the time of his arrest, Mr. Nelson was charged with Assault in the Third Degree, Interference with an Officer/Resisting Arrest, and Breach of Peace in the Second Degree. [Dkt. #160, Patricia Nelson's Memorandum in Opposition to Summary Judgment, Ex. 29, Stamford Police

1

Officer Dogali/Connelly Incident Report]; *see also* [Dkt. #159, Edward Nelson's Memorandum in Opposition to Summary Judgment, Ex. 1, Rule 56 Stmt., ¶¶19-20]. Although Mr. Nelson admits that he was found guilty after trial of Interfering with an Officer/Resisting Arrest and Breach of Peace in the Second Degree, Mr. Nelson contends that the charge of Assault in the Third Degree was withdrawn by the prosecution and he therefore received a favorable termination to substantiate his claim of malicious prosecution. Additionally, Mr. Nelson relies on the Second Circuit's decision in *D'Angelo v. Kirschner*, 288 Fed.Appx. 724, 726 (2d Cir. 2008) for the proposition that even where probable cause to arrest exists, exculpatory circumstances discovered after an arrest can preclude a finding of probable cause to prosecute. Mr. Nelson argues that exculpatory facts which came to light after his arrest undermine any probable cause which may have existed for his arrest.

Contrary to Mr. Nelson's assertion that the Court erroneously overlooked the question of probable cause as to the charge of Assault in the Third Degree, the Court failed to articulate, but *did* consider whether probable cause existed for this charge.

In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment, and establish the elements of a malicious prosecution claim under state law." *Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002) (citations omitted).  "To prevail on a malicious prosecution claim under Connecticut law, a plaintiff must prove the following elements: (1) the defendant initiated or

2

continued criminal proceedings against the plaintiff; (2) the criminal proceeding terminated in favor of the plaintiff; (3) 'the defendant acted without probable cause'; and (4) 'the defendant acted with malice.'" *Roberts v. Babkiewicz,* 582 F.3d 418, 420 (2d Cir. 2009) (quoting *McHale v. W.B.S. Corp.,* 187 Conn. 444, 446 (1982)). The existence of probable cause constitutes a defense against a malicious prosecution claim.

"Whether probable cause existed is a question that may be resolved as a matter of law on a motion for summary judgment if there is no dispute with regard to the pertinent events and knowledge of the officer." *Weinstock v. Wilk*, 296 F. Supp.2d 241, 256 (D. Conn. 2003) (citing *Weyant v. Okst,* 101 F.3d 845, 852 (2d Cir. 2003)). Probable cause to arrest exists where an officer has "knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (internal quotation marks and citations omitted). "When determining whether probable cause exists courts must consider those facts available to the officer at the time of the arrest and immediately before it, as probable cause does not require absolute certainty. *Id.* The Second Circuit has instructed that "[i]n assessing probabilities, a judicial officer must look to the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Id.* In sum, probable cause "requires only such facts as make wrongdoing or the discovery of evidence thereof probable." *Id.* at 157. "Probable cause is to be assessed on an objective basis." *Zellner v. Summerlin*, 494 F.3d 344, 369 (2d Cir. 2007).

3

"Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004) (citation omitted).

It is undisputed that on October 22, 2006 at 12:39 am, Anthony Hinton, an employee of the club at which the Plaintiffs were located, flagged down Defendant Stamford Police Officer Dogali who was driving down Greenwich Avenue in front of the club while on patrol in the area and informed him that he had observed a black male punch a black female in the face. [Dkt. #160, Ex. 29, Defendant Dogali Stamford Police Incident Report]. It is apparent that this fact is undisputed because Plaintiffs' submitted Officer Dogali's police incident report describing the circumstances of his arrival on the scene, including Hinton's tip, as an exhibit to their Memorandum in Opposition to Summary Judgment. *See id.* Moreover, although Mr. Nelson's Rule 56 Statement, paragraph 2, denies that Hinton told Officer Dogali that he observed Mr. Nelson punch a black female in the face, this denial cites to no supporting evidence and is therefore deemed admitted. *See* United States District Court, District of Connecticut, Local Rules of Civil Procedure Rule 56(a)(3) ("Counsel and pro se parties are hereby notified that failure to provide specific citations to evidence in the record as required by this Local Rule may result in the Court deeming certain facts that are supported by the evidence admitted in accordance with Rule 56(a)(1) . . ."). Officer Dogali's police incident report, offered into evidence by the Plaintiffs, further provides that after Officer Dogali's arrival on the scene, Mr. Hinton identified the black male he had observed punching a black female, pointing towards Mr. Nelson as he walked

4

back towards the club. [Dkt. #160, Ex. 29, Defendant Dogali Stamford Police Incident Report.

The undisputed facts further establish that Officer Dogali then approach Mr. Nelson and asked him if he was involved in a dispute with a female. [Dkt. #159, Edward Nelson's Memorandum in Opposition to Summary Judgment, Ex. 1, Rule 56 Stmt., ¶3]. Mr. Nelson admits that he responded by informing Officer Dogali that he was studying to be an attorney and did not need to answer the Officer's questions. *See id.,* at ¶4.  Officer Dogali then attempted to place Mr. Nelson under arrest, and placed Mr. Nelson's right hand in a handcuff. *See id.*, at ¶5. However, Mr. Nelson admits that he "brace[d]-up or passively rest[ed] PO Dogali's effort to place Mr. Nelson's left hand behind his back." *Id.* at ¶6.

These undisputed facts as to the circumstances of Mr. Nelson's arrest plainly demonstrate that Officer Dogali had probable cause to arrest Mr. Nelson. As the Second Circuit has held, "information gleaned from informants can be sufficient to justify the existence of probable cause." *Panetta v. Crowley*, 460 F.3d 388 (2d Cir. 2006). Moreover, "it is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness." *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000). Where probable cause is predicated upon an eyewitness tip, "[t]he reliability or veracity of the informant and the basis for the informant's knowledge are two important factors." *Panetta*, 460 F.3d at 395. "[I]nformation provided by 'an identified bystander with no apparent motive to falsify' has

'peculiar likelihood of accuracy.' " *Id.* (quoting *Caldarola v. Calabrese*, 298 F.3d 156, 163 (2d Cir. 2002).

The undisputed facts establish that Officer Dogali was flagged down by Hinton, an eyewitness, who reported that he had observed a black male punch a black female in the face, and then identified Mr. Nelson as the black male who threw the punch. As an employee of the club posted outside of the club to maintain order at the club's entrance, Mr. Hinton had no apparent motive to falsify his eyewitness report. In addition to this eyewitness tip and identification of Mr. Nelson, Mr. Nelson then admits that he refused to answer Officer Dogali's questions and resisted arrest, refusing to place his right arm behind his back and physical resisting Officer Dogali's attempt to place his arm behind his back.  In light of these facts, probable cause existed for Mr. Nelson's arrest as Officer Dogali had reason to believe, as a result of an eyewitness tip and his own observation of Mr. Nelson resisting arrest, that an offense had been committed. *See* Panetta, 460 F.3d at 395.

Moreover, Mr. Nelson's assertion in his motion for reconsideration that exculpatory facts which arose after his arrest preclude a finding of probable cause to prosecute the charge of Assault in the Third Degree is wholly unpersuasive. Although the Second Circuit "has hinted in a nonprecedential order that exculpatory circumstances discovered after an arrest can dissolve probable cause to prosecute," the exculpatory facts referred to by Mr. Nelson do not eviscerate the well-founded probable cause to prosecute the charge against him of Assault in the Third Degree. *Kilburn v. Village of Saranac Lake*, 413

6

Fed.Appx. 362 (2d Cir. 2011) (citing *D'Angelo*, 288 Fed.Appx. at 726). The exculpatory facts referred to by Mr. Nelson consist of several instances in which Mrs. Nelson stated, following the Plaintiffs' arrest on October 22, 2006, that Mr. Nelson did not strike her. However, a person of reasonable caution would not accord great weight to Mrs. Nelson's recantation, given that victims of domestic violence often recant previously raised accusations of their abuse. Moreover, since its decision in *D'Angelo*, the Second Circuit has significantly scaled back its statement in dicta that exculpatory circumstances after an arrest can dissolve probable cause to prosecute, referring to that comment as "a hint" in a "non-precedential order," and reaffirming the general principle that "probable cause to arrest is generally construed as probable cause to prosecute as well." *See Killburn*, 413 Fed.Appx. at 364. Therefore, in light of the well-founded probable cause for Mr. Nelson's arrest and the weakness of the purportedly exculpatory evidence arising following his arrest, the Court finds that probable cause existed for Mr. Nelson's prosecution for the charge of Assault in the Third Degree.

Additionally, the Court notes that Mr. Nelson's claim of malicious prosecution against the Defendants is also deficient as a matter of law to the extent that Mr. Nelson has failed to present any evidence to indicate that the Defendant Officers played any role in prosecuting Mr. Nelson for the charge of Arrest in the Third Degree where they were merely the arresting officers and officers involved in the Plaintiff's detention on the night of the arrest. *See Barcomb v. Sabo*, 2011 WL 1770795 at *11 (N.D.N.Y. May 9, 2011) (dismissing plaintiff's causes of action for malicious prosecution against a police trooper,

police chief, and an assistant police chief, on the basis of a lack of evidence to suggest that the defendants played any role in prosecuting the relevant charge). The lack of any evidence of personal involvement is fatal to a claim under §1983 given the well-established rule in this Circuit that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under §1983." *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)

Lastly, Mr. Nelson's motion for reconsideration asserts that the Court's decision on summary judgment was manifestly unjust because it overlooked Mr. Nelson's claims against Moja, LLC, Sean Evans, and Anthony Hinton. This assertion is misguided. The Court's decision on summary judgment did not address Mr. Nelson's claims against those three parties because the pending motions for summary judgment were filed by the Defendant City of Stamford, Stamford Police Department, and the defendants affiliated with the Stamford Police Department and not by those three specific defendants. As Defendants Moha, LLC, Sean Evans, and Anthony Hinton did not file a motion for summary judgment, such claims were not before the Court. Therefore to the extent that the Court referred to Mr. Hinton as a "security officer," the reference was not a conclusion as a matter of law that Mr. Hinton functioned as "security officer" as defined under Connecticut law, it was merely a descriptive reference.

                                                IT IS SO ORDERED.
                                                _____/s/_____
                                                Hon. Vanessa L. Bryant
                                                United States District Judge

**Dated at Hartford, Connecticut: February 23, 2012**