UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PATRICIA NELSON,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     CIVIL ACTION NO.<br>:     3:09-cv-1690 (VLB) |
| CITY OF STAMFORD, et al.<br>    Defendants. | :<br>:     August 3, 2012 |

## MEMORANDUM OF DECISION DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [Dkt. #229]

Plaintiff, Patricia Nelson, files this motion for reconsideration pursuant to Fed. R. Civ. P. 60(b) on the basis of a supervening change in law, arguing that intervening law, namely the Supreme Court's recent decision in *Florence v. Board of Chosen Freeholders of the Cnty of Burlington*, 132 S.Ct. 1510 (2012), articulated a broader definition of the term "strip search" than the Court applied in its decision on summary judgment. Mrs. Nelson contends that under this broader definition, the search to which she was subjected constitutes a strip search.

On January 25, 2012, the Court granted in part and denied in part Defendants' motion for summary judgment. [Dkt. #185]. The Court denied the motion for summary judgment as to Mrs. Nelson's claim of an unconstitutional strip search in violation of the Fourth Amendment, finding that "a material factual dispute exists regarding the reasonableness of the search of Mrs. Nelson conducted by the Defendants." In analyzing this claim, the Court applied the four-factor test set forth by the Supreme Court in *Bell v. Wolfish*, 441 U.S. 520 (1979), considering

"the scope of the particular intrusion, the manner in which it [was] conducted, the justification for initiating it, and the place in which it [was] conducted." 441 U.S. at 559. In analyzing the scope of the intrusion, the Court relied upon the Second Circuit's statement that "[t]he term 'strip search' is used generally to describe any inspection of the naked body." *Kelsey v. County of Scoharie*, 567 F.3d 54 (2d Cir. 2009). Applying this definition, the Court concluded that although Mrs. Nelson's breasts were exposed when her shirt and brassiere were removed, the search did not constitute a strip search. However, the Court denied the Defendants' Motion for Summary judgment, finding that "[a] reasonable jury *could conceivably* find that the removal of Mrs. Nelson's shirt and brassiere by a female officer and the touching of Mrs. Nelson's buttocks underneath her pants by a male officer, despite the Defendants' interest in removing dangerous items from Mrs. Nelson to ensure her safety constituted an unreasonable search in violation of the Fourth Amendment." [Dkt. #185, Memorandum of Decision on Summary Judgment, p. 54] (emphasis added).

Mrs. Nelson's motion pursuant to Fed. R. Civ. P. 60(b), contending that *Florence* constitutes a supervening change in law requiring the Court's judgment to be set aside is unavailing. In particular, Mrs. Nelson seeks to rely on Fed. R. Civ. P. 60(b)(1) construing the Supreme Court's decision in *Florence* as a supervening change in law rendering this Court's decision on summary judgment a "mistake," curiously asking the court to enter judgment for the Defendant.  Mrs. Nelson relies on *Thompson v. County of Franklin* , 127 F.Supp.2d 145, 160 (N.D.N.Y 2000) as an example of relief from judgment on the basis of an

intervening change in law. This reliance is misplaced. *Thompson* acknowledged that "in evaluating whether a given case has resulted in a change in the controlling law, it is necessary to examine the claimed change in law to 'determine what effect, if any, [it] has on the law to be applied in this case." *Thompson*, 127 F.Supp.2d at 152 (citing *Richman v. W.L. Gore & Associates, Inc.*, 988 F.Supp. 753, 755 (S.D.N.Y. 1997).

The *Thompson* Court found that relief from judgment was warranted where a Supreme Court decision articulated a new standard for determining whether a particular group "falls within the meaning of a dependent Indian community, as that phrase is used in 18 U.S.C. §1151(b)." *Id.* The Supreme Court's decision in *Florence*, however, plainly has *no* effect on the law to be applied in this case in light of the fact that Mrs. Nelson was held in a single-person cell in the Stamford Police Department, as the decision addressed the constitutionality of strip searches occurring in the general population of a detention facility and the Court explicitly noted that "[t]his case does not require the Court to rule on the types of searches that would be reasonable in instances where, for example, a detainee will be held without assignment to the general jail population and without substantial contact with other detainees." *Florence*, 132 S.Ct. at 1522.

Secondly, the Supreme Court in *Florence* specifically recognized that *Bell v. Wolfish* sets forth the appropriate framework for analyzing Fourth Amendment challenges to the reasonability of bodily searches. *Id.* at 1516. Accordingly, *Florence* cannot be said to be an intervening change in law rendering this Court's prior judgment a "mistake" for purposes of Fed. R. Civ. P. 60(b)(1).

Nor can Mrs. Nelson rely on Fed. R. Civ. P. Rule 60(b)(6), the catch-all exception for relief from a judgment "for any other reason that justifies relief." Rule 60(b)(6) "confers broad discretion on the trial court to grant relief when appropriate to accomplish justice." *Matarese v. LeFevre,* 801 F.2d 98, 106 (2d Cir. 1986). The Second Circuit has "warned, however, that a Rule 60 motion 'may not be used as a substitute for appeal,' and that a claim based on legal error alone is 'inadequate.'" *United Airlines, Inc. v. Brien*, 588 F.3d 62 (2d Cir. 2009)(citing *Matarese,* 801 F.2d at 107). "A mere change in decisional law does not constitute an 'extraordinary circumstance' for the purposes of Rule 60(b)(6)." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 56 (2d Cir. 2004). Even "[a] circuit court's announcement of a new rule of federal law, like a Supreme Court pronouncement, is similarly insufficient without more to justify Rule 60(b)(6) relief." *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 748 n. 6 (5th Cir. 1995).

In fact, Fed. R. Civ. P. 60 is entirely inapplicable, as a denial of summary judgment is not a final judgment.

To the extent that Mrs. Nelson seeks a reconsideration of the Court's decision on summary judgment on the basis of an intervening change in law, however, for the aforementioned reasons, *Florence* did not alter the standard of law to be applied to this case and would have had no effect on this Court's decision on summary judgment, and therefore Mrs. Nelson's motion for reconsideration must be denied. Mrs. Nelson's claims surviving summary judgment, including her claim of an unreasonable search in violation of the Fourth Amendment will proceed to trial to be resolved by a jury.

**Lastly, Mrs. Nelson's motion for default entry against the Defendants pursuant to Fed. R. Civ. P. 55(a) is misguided. The pro se Plaintiff has yet again misconstrued the law. Moreover, the Court notes that Plaintiff has cited absolutely no authority supporting her motion for default entry. Default may be entered where a party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). It can hardly be said that the Defendants have failed to plead or otherwise defend this case where they have Answered the operative complaint [Dkt. #128, Answer to Amended Complaint], and filed a motion for summary judgment [Dkt. #144, Motion for Summary Judgment Against Patricia Nelson], and thus are actively litigating this case. Accordingly, Mrs. Nelson's motion for default entry is DENIED.**

IT IS SO ORDERED.
_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

**Dated at Hartford, Connecticut: August 3, 2012**